## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------- x
EDIBLE ARRANGEMENTS INTERNATIONAL,      :
LLC and EDIBLE ARRANGEMENTS, LLC,                       CIVIL ACTION NO.
                                        :
            Plaintiffs,
                                        :
      -against-
                                        :
EDIBLE COMMERCE CONSULTING LLC,                        JANUARY 20, 2017
                                        :
            Defendant.
-------------------------------------------------------------- x
```

## COMPLAINT

Plaintiffs Edible Arrangements International, LLC and Edible Arrangements, LLC ("Plaintiffs" or "Edible Arrangements"), through their counsel, for their complaint against the Defendant alleges as follows:

## INTRODUCTION

1.     Plaintiffs bring this action against Defendant Edible Commerce Consulting LLC ("Defendant" or "Edible Commerce") for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125(a), trademark dilution pursuant to 15 U.S.C. § 1125(c), common law unfair competition, unfair and deceptive trade practices pursuant to Conn. Gen. Stat. §§ 42-110a *et seq*., and declaratory relief pursuant to 28 U.S.C. § 2201.  Plaintiffs seek damages, injunctive relief and a declaration that Defendant is not entitled a registration for its mark as set forth in Application Serial No. 86/641,764.

2.     Plaintiffs own and operate the phenomenally successful business known as EDIBLE ARRANGEMENTS, which specializes in the marketing and sale of fresh cut fruit designed to evoke floral arrangements, chocolate covered fruit and other fruit-based products,

which are sold through their vast franchise system of over 1200 stores in the U.S. and abroad, online and through various other channels.  Plaintiffs provide extensive business, training and consulting services as well as promotional and marketing support in connection with its franchise system.

3.      Plaintiffs' brand identity is built upon their famous EDIBLE ARRANGEMENTS mark (the "EDIBLE ARRANGEMENTS Mark") and the short form of that mark EDIBLE, as well as variants that comprise or contain EDIBLE along with other words or designs (collectively with the EDIBLE ARRANGEMENTS Mark, "Plaintiffs' EDIBLE Marks"). These marks have been used extensively by Plaintiffs for many years and enjoy tremendous brand recognition and goodwill among consumers.

4.      Notwithstanding the fame and recognition of Plaintiffs' EDIBLE Marks, Edible Commerce adopted the mark EDIBLE COMMERCE ("Defendant's Mark") and has been using that mark in connection with business consulting and management services relating to the food industry, including relating to fruit-based and chocolate confectionary products. Defendant is also wrongfully seeking to obtain a federal registration for its mark and the corresponding statutory benefits to which a federal registrant would be entitled.

5.      There is no reason for Defendant to promote its services by utilizing an imitation of Plaintiffs' EDIBLE Marks and such use has caused and continues to cause substantial harm and damage to Plaintiffs and their valuable intellectual property rights.  Accordingly, Plaintiffs bring this action to stop the unlawful and infringing conduct of Defendant, preserve Plaintiffs' hard-won reputation and goodwill, protect Plaintiffs' valuable intellectual property from the irreparable harm and the likelihood of confusion caused by the Defendant's acts, prevent

Defendant from obtaining a federal registration for Defendant's Mark and to recover their related damages.

## THE PARTIES

6.     Plaintiff Edible Arrangements International, LLC ("Edible Arrangements International") is a Delaware limited liability company with a principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.

7.     Plaintiff Edible Arrangements, LLC ("Edible Arrangements, LLC") is a Connecticut limited liability company with a principal place of business at 95 Barnes Road, Wallingford, Connecticut 06492.  Edible Arrangements International and Edible Arrangements, LLC are hereinafter collectively referred to as "Plaintiffs" or "Edible Arrangements."

8.     On information and belief, Edible Commerce is a New Hampshire limited liability company with a principal place of business at 163 Pleasant Street, Suite 2E, Concord, New Hampshire 03301.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Edible Arrangements' claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and 1367.  This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, and the doctrine of ancillary jurisdiction because there is a sufficient nexus between Plaintiffs' claims for infringement of Plaintiffs' EDIBLE Marks, including Plaintiffs' registered marks, and the potential registration of Defendant's Mark in the United States Patent and Trademark Office.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c).

11.    This Court has personal jurisdiction over Defendant by virtue of its knowing and intentional infringement of Plaintiffs' trademark rights in this district and Edible Commerce's continuing and repeated solicitation of business in the state of Connecticut through its website at www.ediblecommerce.com, among other channels.

12.    Defendant's website is interactive and solicits consumers for Defendant's services nationwide, including in Connecticut.  Defendant's websites states:  "We specialize in advising the owners of home based food businesses, food entrepreneurs, food startups, food artisans, and small farmers in the United States and beyond."  Defendant's website also solicits consumers in Connecticut to subscribe to receive food business tips and updates from Defendant, and consumers in Connecticut can engage in live chat sessions through Defendant's website to obtain consulting and business advice.  Defendant's website claims that "when we chat, our goal will be to immediately create value for you and your business. We will dive right into your business challenges in order to determine how we can help you grow your food business."  Copies of relevant pages from Defendant's website are attached as Exhibit A.

13.    Further, Defendant has committed and continues to commit tortious acts as well as unfair and deceptive acts and practices in the conduct of trade or commerce within the state by virtue of its use of Defendant's Mark.

## FACTS

### I.    GROWTH OF THE EDIBLE BRAND AND BUSINESS

14.    Edible Arrangements, LLC is the owner and licensor of, among other things, the various trademarks, trade dress, copyrights, domain names and other intellectual property used and associated with the famous EDIBLE ARRANGEMENTS business and brand, as set forth

in greater detail below.  Edible Arrangements, LLC licenses these assets to Edible
Arrangements International for use and sublicensing.

15.    Edible Arrangements is a remarkable American success story born out of the
entrepreneurial spirit of its founder and owner, Tariq Farid.  Mr. Farid purchased his first
flower shop in East Haven, Connecticut at the age of 16 and within several years had grown his
business to four locations.  Drawing upon his experience in the floral industry, in the late
1990s, Mr. Farid developed a unique marketing program of fresh cut fruit designed to evoke
floral arrangements and launched the first EDIBLE ARRANGEMENTS branded store.  The
EDIBLE ARRANGEMENTS business and brand has since expanded into chocolate covered
fruit and other fruit-based products, and Plaintiffs have become the leading franchisor in the
fruit industry in the United States.  Plaintiffs currently operate approximately 1200 stores in the
United States and abroad and provide valuable training, support, marketing and other services
in connection with their vast and expanding franchise system.

16.    In addition to Edible Arrangements' fresh cut fruit products, Edible
Arrangements' product line includes chocolate covered fruit, fruit salads, fruit sundaes, fruit-
based beverages and various other fruit-based products as well as retail and business support
and consulting services relating to the sale of those products.  Edible Arrangements is
constantly developing new products and services and is an innovator and driver of tremendous
growth in the fruit and gifting industries.

17.    Edible Arrangements markets its goods and services through a number of trade
channels, including its numerous company-owned and franchised store locations, its popular
www.ediblearrangements.com, www.edible.com and www.dippedfruit.com websites (the

"EDIBLE Websites"), its toll-free call center (1-877-DOFRUIT) and EDIBLE TO GO® mall

outlet locations, among other channels.

18.   Edible Arrangements provides training, support, business consulting, promotional

and marketing support services to franchisees and potential franchisees under Plaintiffs'

EDIBLE Marks.  For example, Plaintiffs operate a training program known as EDIBLE

UNIVERSITY, which includes hands-on training and events for new franchisees and

managers.  Plaintiffs also host Discovery Day events at their headquarters to which they invite

potential franchisees to discuss potential ownership of an Edible Arrangements' franchise from

the perspective of being an entrepreneur and small business owner.  Plaintiffs also provide

nationwide commercial advertising, internet marketing through the EDIBLE Websites and

social media such as Facebook, Twitter, Instagram and YouTube as well as other marketing

and promotional materials and support.  These services are all part and parcel of Edible

Arrangements' franchising, marketing, advertising and promotional services and are provided

under Plaintiffs' EDIBLE Marks.

19.   , Plaintiffs' entire brand identity revolves around its famous trade name,

trademark and service mark EDIBLE ARRANGEMENTS and the truncated form of that mark

EDIBLE, which is used alone and/or with other words or designs.  In fact, Plaintiffs have built

a family of marks that leverages the term EDIBLE to enhance the association between

Plaintiffs and their goods and services that include, without limitation, fruit products, chocolate

products, retail services, business management, consulting and support services and charitable

services.  Plaintiffs' EDIBLE Marks include EDIBLE ARRANGEMENTS, EDIBLE, EDIBLE

BRANDS, EDIBLE FOR BUSINESS, EDIBLE TO GO, EDIBLE NUMBERS, EDIBLE

CARES, EDIBLE CAKES, EDIBLE POPS, EDIBLE REWARDS, EDIBLE GROWTH

COUNCIL, EDIBLE GROWTH ASSOCIATION, WE ARE EDIBLE BRANDS and other marks that share the term EDIBLE. The shared distinctive element in all of these marks is the term EDIBLE, and, when displayed in a logo or design form, the "EDIBLE" terms is generally displayed in larger and distinctive lettering as the dominant feature of the mark. Moreover, Plaintiffs' EDIBLE BRANDS Mark is used as an umbrella brand under which the other Plaintiffs' EDIBLE Marks sit.

20.    Plaintiffs use Plaintiffs' EDIBLE Marks in all aspects of their business. For example, the EDIBLE ARRANGEMENTS Mark is used as the name of every Edible Arrangements store and franchise. Each such store features signage and in-store and point-of-purchase displays with Plaintiffs' EDIBLE Marks, including on coolers, counters and other décor. The products sold and delivered to many millions of consumers annually all bear Plaintiffs' EDIBLE Marks on packaging, boxes and other associated containers as well as sales documents, such as invoices and delivery notices. Likewise, the familiar trucks that deliver these products proudly display Plaintiffs' EDIBLE Marks.

21.    Plaintiffs' EDIBLE Marks appear prominently on the EDIBLE Websites, through which countless consumers shop for and purchase products branded with Plaintiffs' EDIBLE Marks. Edible Arrangements' marketing materials, brochures, catalogs, coupons and other medium all likewise feature Plaintiffs' EDIBLE Marks as designations of source. Edible Arrangements advertises across all important media - television, radio, and print, for example - and invariably emphasizes the EDIBLE Marks in those advertisements.

22.    The effect of this comprehensive promotion of Plaintiffs' EDIBLE Marks is that consumers who interact with the brand in any way - as purchasers, shoppers, actual or potential franchisees or even viewers of advertising or delivery trucks - are constantly reminded that

Plaintiffs' EDIBLE Marks designate the source of the Plaintiffs' products and services and that goods and services in the food and food services industry that are branded with the term EDIBLE emanate from or are affiliated or endorsed by Plaintiffs.

23.    Edible Arrangements' spectacular success is a direct result of its commitment to providing high quality and innovative products and services.  As chronicled by the business media, Edible Arrangements has climbed to the upper echelon of franchisors in the United States.  In 2004, just three years after the launch of the first franchise, Edible Arrangements was recognized as among the top 500 franchises in the United States by *Entrepreneur* magazine.  In 2011, Edible Arrangements ranked ninth on the *Forbes* 2011 list of top "franchises to start," was named one of the "Top 100 Internet Retailers" by *Internet Retailer* magazine, was 40th on *Entrepreneur* magazines 2013 Entrepreneur Franchise 500 and was ranked 3rd on *Inc.* magazine's list of top food and beverage companies. Most recently, the *Franchise Times* ranked Edible Arrangements No.132 in its list of the "Top 200 Franchises."

24.    Today, by virtue of its excellent quality and services and the strength of Plaintiffs' EDIBLE Marks and brand, Edible Arrangements enjoys system wide gross sales of its branded products and services in excess of half a billion dollars annually.  Edible Arrangements anticipates that this number will continue to increase.

25.    Plaintiffs' EDIBLE Marks are inherently distinctive.  Moreover, by virtue of Plaintiffs' extensive usage, marketing and promotion, media and consumer recognition and substantial sales revenue, the EDIBLE Marks have become widely known to the general consuming public of the U.S., have acquired significant secondary meaning and enjoy tremendous brand recognition and goodwill among consumers who associate Plaintiffs' EDIBLE Marks with high-quality goods and services that emanate from the Plaintiffs.

26. Edible Arrangements LLC owns numerous U.S. federal trademark registrations for Plaintiffs' EDIBLE Marks, including without limitation, those listed on Exhibit B hereto. Registration Nos. 3,844,160, 2,934,715, 3,141,566, 3,844 and 161, 3,654,276 are incontestable.

## II.   Defendant's Infringing and Unlawful Activity

27. Notwithstanding, the fame and recognition of Plaintiffs' EDIBLE Marks, in or about March 2015, Edible Commerce adopted the mark EDIBLE COMMERCE and has been using that mark in connection with business consulting and management services relating to the food industry, including in connection with the sale of fruit-based and confectionary products.

28. Defendant's EDIBLE COMMERCE mark is depicted in the manner shown below:



, which is highly similar to the manner in which Plaintiffs' EDIBLE Marks are depicted in that the dominant and distinctive term in Defendant's Mark is the term EDIBLE. Notably, and as evidence of Defendant's intention to unfairly trade on Edible Arrangements' goodwill, the EDIBLE term in Defendant's Mark is prominently featured while the second term, the non-distinctive term "commerce," is depicted directly underneath in a non-stylized manner. The EDIBLE ARRANGEMENTS Mark is similarly depicted in a stacked form, with the term "arrangements" underneath the term EDIBLE.

29. Defendant claims to provide consulting, support, training, marketing and management services to consumers in the food industry in connection with its EDIBLE

COMMERCE Mark.  As shown on Exhibit C, Edible Commerce's services include food business consulting, social media support and strategy, graphic design support, PR and media support and consulting, food packaging design, r&d support, food labeling, regulatory support and compliance, IT consulting, marketing strategy and planning, market research, competitor research, consumer research and email marketing, among other services.  These are the same types of services provided by Edible Arrangements to its franchisees and potential franchisees under Plaintiffs' EDIBLE Marks.

30.    Edible Commerce provides its services to food entrepreneurs, established businesses and start-ups.  Thus, it targets the same types of consumers who are Edible Arrangements' franchisees, potential franchisees, distributors and consumers.

31.    Edible Commerce's customers include Hampshire Toffee (a manufacturer and marketer of toffee), Laurel Hill Jams and Jellies, the Mill Fudge Factory & Ice Cream Café, Sap  Hound Maple Company (syrup) and Little Acre Gourmet Foods (gourmet condiments). The products of these companies are similar and/or related to the products currently sold or that may be sold by Edible Arrangements in the future.

32.    Further, Edible Commerce provides its services through advising, project management, one-on-one or group training, in-person meetings, virtual collaboration, research and long-term support – the same manner in which Edible Arrangements provides its services.

33.    There is no reason for Defendant to promote its services by utilizing the EDIBLE COMMERCE Mark and such use has caused and continues to cause substantial harm and damage to Plaintiffs and their valuable intellectual property rights.  Any consumer misperception or confusion as to the source of an Edible Arrangements' product or service

-10-

with Defendant's services will irreparably damage Edible Arrangements' valuable brand and goodwill.

34.    Moreover, Defendant is seeking to obtain the benefits of a federal registration for its mark.  On May 26, 2015, Edible Commerce filed Application Serial No. 86/641,764 for the mark EDIBLE COMMERCE for "business consulting and management services regarding development, marketing, and sales of specialty food products," claiming a date of first use of March 2, 2015 for the services listed therein (the "Application").

35.    Due to Plaintiffs' prior registration and use of Plaintiffs' EDIBLE Marks and the fame of Plaintiffs' EDIBLE ARRANGEMENTS Mark, Defendant is not entitled to the benefits of a federal registration of its mark and the statutory rights and presumptions that are accorded to such registrations.

36.    The unlawful activities of Defendant have resulted and will continue to result in irreparable harm and injury to Edible Arrangements.  Among other harms, these acts deprive Edible Arrangements of its absolute right to determine the manner in which its image is presented to the general public, deceive the public as to the origin and sponsorship of Defendant's goods and services, wrongfully trade upon Edible Arrangements' reputation and exclusive rights in its intellectual property and lessen consumers' perception of the quality of Edible Arrangements' brand, goods and services.

37.    Defendant's actions were willful or intentional, in that they were done with deliberate disregard or reckless indifference to the rights of Plaintiffs.

38.    As a result of Defendant's actions, Edible Arrangements and its franchisees have been damaged in an amount to be determined at trial.

39.   Plaintiffs have no adequate remedy at law.

## COUNT ONE
### (Trademark Infringement)

40.   Paragraphs 1-39 above are repeated and re-alleged as if fully set forth herein.

41.   Defendant's activities as described above constitute trademark infringement in violation of section 32 of the Lanham Act, 15 U.S.C. §1114(1)(A).

42.   By virtue of the foregoing, Edible Arrangements has been damaged and will continue to be damaged absent relief from this Court.

## COUNT TWO
### (False Designation of Origin)

43.   Paragraphs 1-42 above are repeated and re-alleged as if fully set forth herein.

44.   Defendant's activities as described above constitute false designation of origin and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

45.   By virtue of the foregoing, Edible Arrangements has been damaged and will continue to be damaged absent relief from this Court.

## COUNT THREE
### (Trademark Dilution)

46.   Paragraphs 1-45 above are repeated and re-alleged as if fully set forth herein.

47.   Plaintiffs' EDIBLE ARRANGEMENTS Mark is famous and distinctive among the general consuming public and has enjoyed such fame and distinctiveness long before the filing date of the Application and/or Defendant's first use of Defendant's Mark.

48.    Defendant's activities as described above are likely to dilute, impair and blur the distinctiveness of the EDIBLE ARRANGEMENTS Mark in violation of 15 U.S.C. § 1125(c).

49.    By virtue of the foregoing, Edible Arrangements has been damaged and will continue to be damaged absent relief from this Court.

## COUNT FOUR
### (Common Law Unfair Competition)

50.    Paragraphs 1-49 above are repeated and re-alleged as if fully set forth herein.

51.    Plaintiffs have invested a substantial amount of time, effort and money in developing their goodwill in the marketplace and that goodwill is inextricably linked to Plaintiffs' EDIBLE Marks.

52.    Defendant has appropriated Plaintiffs' goodwill in violation of Plaintiffs' valuable intellectual property rights.

53.    By virtue of the foregoing, Edible Arrangements has been damaged and will continue to be damaged absent relief from this Court.

## COUNT FIVE
### (Violation of CUTPA, Conn. Gen. Stat. §§ 42-110a *et seq.*)

54.    Paragraphs 1-53 above are repeated and re-alleged as if fully set forth herein.

55.    Plaintiffs are persons within the meaning of Conn. Gen. Stat. §§ 42-110a(3) and 42-110g(a) and are entitled to bring an action under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA").

56.    At all relevant times, Defendant was a person acting in the conduct of trade or commerce within the meaning of Conn. Gen. Stat. §§ 42-110a *et seq.*

57.     The foregoing actions of Defendant constitutes unfair and deceptive acts and practices in the conduct of trade or commerce that are unethical, unscrupulous and offensive to public policy, and violate Conn. Gen. Stat. § 42-110b(a).

58.     As a result of the foregoing unfair and deceptive acts and practices, Plaintiffs have suffered an ascertainable loss within the meaning of Conn. Gen. Stat. §§ 42-110g(a) and have suffered damages in an amount to be determined at trial.

59.     The foregoing actions of Defendant show calculated, deceitful and unfair conduct, and reckless indifference to the rights of the Plaintiffs.  Accordingly, Defendant is liable to Plaintiffs for punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).

60.     Plaintiffs are transmitting a copy of this Complaint to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection for the State of Connecticut, as required by Conn. Gen. Stat. § 42-110g(c).

**<u>COUNT SIX</u>**
**(Declaration that Defendant is Not Entitled to Registration of Defendant's Mark)**

61.     Paragraphs 1-60 above are repeated and re-alleged as if fully set forth herein.

62.     A valid and justiciable controversy has arisen and exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. § 2201.

63.     Defendant's Mark as set forth in the Application so resembles one or more of Plaintiffs' EDIBLE Marks, as to be likely, when used on or in connection with the goods or services of the Defendant, to cause confusion, or to cause mistake, or to deceive.

64.     Further, the registration of Defendant's Mark would cause dilution by blurring the distinctive quality of Plaintiffs' EDIBLE ARRANGEMENTS Mark, which is famous and

-14-

achieved such fame long prior to the filing of the Application or any use of Defendant's Mark by Defendant.

65.    If Defendant is granted registration of its mark and obtains such rights as conferred under the Principal Register of the Trademark Act, Defendant will obtain rights to which it is not entitled under the Lanham Act, to the detriment and harm of Plaintiffs.

66.    By virtue of the foregoing, a judicial determination that Defendant's Application is not entitled to registration pursuant to Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and/or Section 43(c) of the Trademark Act, 15 U.S.C. 1125(c), is necessary and appropriate so that Plaintiffs are not injured by the granting of a federal registration to Defendant for Defendant's Mark.

## PRAYER FOR RELIEF

WHEREFORE, Edible Arrangements respectfully demands:

1.    A permanent injunction restraining Defendant and its members, officers, agents, servants, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns and all persons or entities in active concert or participation with any of them from:

A.    using the designation EDIBLE COMMERCE or any other mark, term, name, title or domain name comprised of or containing the term EDIBLE or otherwise confusingly similar to Plaintiffs' EDIBLE Marks; and

B.    committing any other act calculated or likely to cause the public to believe that Defendant is in any manner connected, affiliated or associated with Plaintiffs or from otherwise competing unfairly with Plaintiffs or their franchisees, affiliates or subsidiaries or related companies.

-15-

2.     That, pursuant to 15 U.S.C. § 1118, Defendant deliver to Plaintiffs for destruction all material (including, without limitation, all products, catalogs, advertisements, promotional materials, brochures, signs, displays, stationary and business cards), within their possession, custody or control, either directly or indirectly, that bear Defendant's Mark or any other mark, term or title comprised of or containing the term EDIBLE or otherwise confusingly similar to Plaintiffs' EDIBLE Marks.

3.     That, pursuant to 15 U.S.C. § 1116(a), Defendant be directed to file with the Court and serve upon Plaintiffs, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in above.

4.     That, pursuant to 15 U.S.C. § 1117(a), Defendant be directed to account to Plaintiffs for all gains, profits and advantages derived from Defendant's wrongful acts.

5.     That, pursuant to 15 U.S.C. § 1117(a), Plaintiffs recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiffs, together with interest on such amount and the costs of this action.

6.     That, pursuant to 15 U.S.C. § 1117, Defendant be directed to pay to the Plaintiffs their attorneys' fees and the costs of this civil action.

7.     That Defendant be required to pay any damages suffered by Plaintiffs, as well as punitive damages, including treble damages as permitted by all applicable laws, including but not limited to Conn. Gen. Stat. § 42-110g.

8.     That, pursuant to Conn. Gen. Stat. § 42-110g, Defendant be directed to pay to the Plaintiffs their attorneys' fees.

-16-

9.   A declaration that pursuant to 15 U.S.C. § 1052(d) and/or 15 U.S.C. 1125(c), Defendant is not entitled to registration of the mark EDIBLE COMMERCE as set forth in Application Serial No. 86/641,764.

10.   That the Plaintiffs be granted such other relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  January 20, 2017.

WILLIAMS, WALSH & O'CONNOR, LLC

BY: */s/ Kevin P. Walsh*
KEVIN P. WALSH
Williams, Walsh & O'Connor, LLC
37 Broadway
North Haven, CT 06473
Tel:  (203) 234-6333 / Fax: (203) 234-6330
Email:  kwalsh@wwwolaw.com
Fed. Bar No.: ct02116

COWAN, LIEBOWITZ & LATMAN, P.C.

By    /Meichelle R. MacGregor/
Meichelle R. MacGregor
147 West 47th Street
New York, NY  10036
(212) 790 9200
*Pro Hac Vice* pending

Attorneys for EDIBLE ARRANGEMENTS INTERNATIONAL, LLC and EDIBLE ARRANGEMENTS, LLC

**EXHIBIT A**



Who We Are     How We Help     Success Stories     Blog     Let's Chat



Our Story



# EdibleCommerce: Specialty Food Business Consulting & Marketing Services

Edible Commerce is a **food** business consulting & marketing agency based in New Hampshire. We specialize in advising the owners of home based **food** businesses, **food** entrepreneurs, **food** startups, **food** artisans, and small farmers in the United States and beyond.

With over a decade of experience starting and supporting **profitable food businesses**, we understand how challenging it can be to start and grow a business, especially in the food industry, which is exactly why we started **Edible Commerce**. We aim to make the whole process of starting a **food** business just a little bit easier.

We do this mostly by offering **consulting services**, but we also recognize that every entrepreneur needs a team, and that building a good team takes time and some serious effort. For this reason, we have assembled a trusted team of specialists that you can rely on to help you **grow your food business**. When you use our consulting and marketing services, our team of food business consultants and food business marketing experts becomes your very own!

Our team offers a wide range of **food business consulting & marketing services** to help you turn your food business idea into reality, and transform your startup into a profitable well-run food company. Whether you need a web presence, media exposure, a marketing plan, or just some strategic or management support along the way – **we've got you covered.**

So take advantage of our experience, resources and connections in the **food industry** and achieve your dreams, more quickly and easily than you could on your own.



**Noah Munro, MBA**
Founder and
Food Business Consultant



**Michael Browning**
Graphic Designer and
Social Media Strategist



**Eva Dilmanian**
PR Consultant and Media
Relations Specialist



**Jennifer Bakos**
Food Photographer



**Shannon Griffiths**
Blogger and Copywriter



As an entrepreneur with over a decade of **experience** growing a specialty food business, Noah Munro **has** developed expertise in what it takes to build a **profitable** food business.

In early 2006, Munro co-founded The Mill Fudge Factory & Ice Cream



**Noah Munro, MBA**
Founder and
Food Business Consultant

in 

"Noah Munro
is a rising star
in small business
development and
marketing."

*- Sheila Oranch, Owner
Cepperteppe Inn &
Retreat Center*

Cafe, headquartered in Bristol, New Hampshire. As the General Manager, Munro drove the growth of the company from an idea into a well-run **profitable food business** with over 10 employees and steady annual revenue growth. Munro was also responsible for selling **over $400,000 of fudge online**, shipping to every state in the United States.

The Mill Fudge Factory was recognized as one of the top 3 fudge companies in America by MSN.com, one of the top 5 fudge shops in America by "Cooking with Paula Deen" magazine, and was chosen by "New Hampshire" magazine as the Best Fudge in New Hampshire.

Munro has primarily grown sales by building and leveraging a loyal brand community of **over 15,000 people** using SEO, email marketing, and social media. You can follow The Fudge Factory's digital communications by email, Facebook, Twitter and Instagram.

With the development of an excellent team to manage much of the business operation, Munro has turned his attention towards helping other specialty food business owners build strong brands and profitable companies. He's still working to continue to grow The Mill Fudge Factory, but now puts his focus on working with other business owners to pursue their dreams as a **specialty food business consultant**.

In 2012, Munro attended Babson College, the #1 school for Entrepreneurship in the US, where he earned a Masters in Business Administration, magna cum laude. The academic tools he acquired combined with his real-world entrepreneurial food business experience provide him with a **uniquely valuable perspective**.

Munro also holds a Bachelors of Arts in Environmental Policy from Green Mountain College and worked for five years as a **Digital Marketing consultant** for the Newfound Lake Region Association.

Munro is also Inbound Certified by the Hubspot Academy. If you are looking for a true industry expert for **food business coaching**, Noah Munro is an excellent candidate!



INBOUND CERTIFIED — Noah Munro *Valid until 9/2017*
HubSpot Academy

---



**Michael Browning**
Graphic Designer and
Social Media Strategist

Michael believes attention to detail and a **well-planned brand strategy** make the difference between good design and great design. He specializes in developing new brands and revamping established brands using thoughtfully designed logos, websites, and other marketing collateral. Michael enjoys working directly with clients to carefully craft friendly, approachable brands that capture the unique personality and vision of our client's **specialty food businesses**.

Michael also specializes in developing social media strategies and campaigns that **generate brand awareness** and drive consumer engagement. He prides himself on creating meaningful, impactful campaigns that help attain client's end goals. He knows, like building a company, success is achieved from a series of actions, through cumulative efforts.

Michael was recently named one of New Hampshire's 40 Under 40 leaders, has been featured nationally on EggBarrel and VSCO, and was a recent speaker at Unsplash Boston. Michael is also **Inbound Certified by Hubspot Academy**. Outside of the office Michael enjoys spending time outdoors with his family and friends. He is also an avid hockey and Ole Miss college football fan.

---



**Eva Dilmanian**
PR Consultant and Media
Relations Specialist

Eva is an **expert at pitching food brands** to a wide range of media outlets. She has a track record of media placements in nationally-circulated magazines and newspapers, well-trafficked blogs, websites and highly-rated radio and television programs. She was responsible for media placements of The Mill Fudge Factory on **MSN.com** and the Boston Globe, among dozens of others.

Boasting strong relationships with print, breadcast and online journalists across the United States and Canada, she has the resources, experience and expertise to obtain **maximum press exposure** for our clients and their specialty food brands.

Eva prides herself on only taking on projects where she **feels a connection** with the brand and loves what they do. She is choosey about the clients she takes on and has to sincerely think your product is really innovative, exceptional...or delicious.

As part of her work, Eva contacts journalists, editors, writers, bloggers, and TV/radio hosts and producers and **tells them all about your brand**. Throughout the whole PR

process, she keeps in close contact with you, the client, keeping you posted on progress and sharing monthly media reports itemizing all the press coverage you have received.

Eva lives in New York City and enjoys world travel, music, film, and, of course, specialty food and drink!



**Jennifer Bakos**
Food Photographer

Jenn is a food and lifestyle photographer based in Southern New Hampshire. She has a passion for all things small business and farm to table. She brings a careful attention to detail and a natural aesthetic to her food photography while always keeping a fun, friendly, and professional relationship with clients.

Jenn was born and raised in a small town in New Hampshire, but has lived in Portland, Maine, Western Massachusetts, and San Francisco. In her free time she loves to camp, travel, cook, spend time with friends and family, and of course find the best local spots for food and drink.



**Shannen Griffiths**
Blogger and Copywriter

Shannen is passionate about using the English language to convey ideas, especially when it comes to specialty food. She has composed all of the email marketing campaigns for The Mill Fudge Factory since 2015 and loves working with our Edible Commerce clients to help them develop their content marketing – as blog posts, email newsletters, and on social media. She also assists clients with customer data entry so you can grow your email list effortlessly!

Shannen is a full-time student at Plymouth State University studying English. She will be graduating in the spring of 2017 with her Bachelors in English. She has worked for the Poets and Writers organization at Plymouth State, has won an academic award for her writing, and has been published by an educational website. When she isn't busy with school and work, she loves to write for her personal blog, read, and do Pilates.

## Clients







## Partners







**Get Food Business Tips and Updates**

* indicates required

Email Address *

First Name *

Subscribe

**Let's Connect!**








Who We Are    How We Help    Success Stories    Blog    **Let's Chat**

**Let's Chat**



[Info@EdibleCommerce.com](mailto:Info@EdibleCommerce.com)

**163 Pleasant Street, Suite 2E
Concord, NH 03301**

**(617) 833-2417**

"Edible Commerce is extremely professional, timely, and fairly priced."

– Taylor Allen, Small Business Owner and Edible Commerce Client

When we chat, our goal will be to immediately create value for you and your business. We will dive right into your business challenges in order to determine how we can help you grow your food business.

**Name** REQUIRED

**Email Address** REQUIRED

**Phone Number** REQUIRED

**Business Name**

**What kind of product(s) do you sell or would you like to sell?** REQUIRED

**Do you have a website? If so, what is the web address?** REQUIRED

**What is your biggest business challenge?** REQUIRED

**Which of our services are you interested in learning more about?** REQUIRED

**When would be the best time to call you?** REQUIRED

**Anything else you'd like to tell us now?**

**How did you hear about us?**

**Submit**

Clients

    

## Partners

    

**Get Food Business Tips and Updates**

* indicates required

Email Address *

First Name *

Subscribe

Let's Connect!

   

© 2016 by Edible Commerce Consulting, llc

**EXHIBIT B**

|  | Serial/Registration Number |
|---|---|
| EDIBLE | Reg. No. 4319940 |
| EDIBLE | Ser. No. 87240682 |
| EDIBLE | Ser. No. 87166534 |
| EDIBLE ARRANGEMENTS | Reg. No. 2356362 |
| EDIBLE ARRANGEMENTS | Reg. No. 3844160 |
| EDIBLE ARRANGEMENTS | Reg. No. 2934715 |
| EDIBLE ARRANGEMENTS | Reg. No. 4328107 |
| EDIBLE ARRANGEMENTS & Fruit Basket Design  | Reg. No. 3141566 |
| EDIBLE ARRANGEMENTS & Fruit Basket Design  | Reg. No. 3844161 |
| EDIBLE ARRANGEMENTS & Fruit Basket Design (On Left)  | Ser. No. 86605003 |
| EDIBLE ARRANGEMENTS ARRANGEMENT FOAM | Reg. No. 3545601 |
| EDIBLE ARRANGEMENTS FRUIT FOR EVERY OCCASION | Ser. No. 85795596 |

| | |
|---|---|
| EDIBLE BRANDS | Reg. No. 3654276 |
| EDIBLE CAKES | Reg. No. 5018244 |
| EDIBLE CARES | Reg. No. 4471794 |
| EDIBLE FOR BUSINESS | Ser. No. 86875059 |
| EDIBLE GROWTH ASSOCIATION | Ser. No. 86792483 |
| EDIBLE GROWTH COUNCIL | Ser. No. 86738157 |
| EDIBLE NUMBERS | Reg. No. 3545605 |
| EDIBLE NUMBERS | Reg. No. 4592970 |
| EDIBLE POPS | Reg. No. 4648061 |
| EDIBLE POPS BOUQUET | Ser. No. 86728842 |
| EDIBLE REVEAL | Ser. No. 87123889 |
| EDIBLE REWARDS | Reg. No. 4668312 |
| EDIBLE SIGNATURE CHOCOLATE | Ser. No. 87113430 |
| EDIBLE SURPRISE | Ser. No. 87123880 |
| EDIBLE TO GO | Reg. No. 4068508 |
| EDIBLE TO GO (Stylized)  | Reg. No. 4300422 |
| WE ARE EDIBLE  BRANDS | Reg. No. 4846371 |

**EXHIBIT C**



Who We Are          How We Help          Success Stories          Blog          Let's Chat

### Food Business Services

Start-up Strategy
Accounting Support
Opportunity Assessment
E-Commerce Development
Food Product Costing
Food Packaging
Food Shipping
Financial Modeling
Food Nutritional Analysis
Food Packaging Design
R&D Support
Food Labeling
Regulatory Support and Compliance
IT Consulting

### Food Marketing Services

Marketing Strategy and Planning
Market Research
Competitor Research
Consumer Research
Food Branding
Food Pricing
PR and Media Outreach
Website Design
Graphic Design
Food Photography
Food Blogging
SEO (Search Engine Optimization)
Email Marketing
Social Media Engagement
Social Media Advertising
Re-targeting Advertising



"The work you have done made a noticeable difference in sales in a short period of time."

- Steve Cybulski, Owner, Blackwater Mustard Co.



### Who We Help

Food Entrepreneurs
Established Businesses
Food Start-ups
Food Artisans
Specialty Food Manufacturers
Home Food Businesses
Family Businesses
Small Farmers
Café and Restaurant Owners
Breweries and Wineries
Food Retailers

### Ways We Work

Advising & Coaching
Defined Scope of Work
Project Management
1-on-1 or Group Training
In-Person Meetings
Virtual Collaboration
Research
Long-term Support

Let's Chat

## Clients

    

## Partners

    

**Get Food Business Tips and Updates**

* indicates required

Email Address *

First Name *

Subscribe

**Let's Connect!**

    



© 2016 by Edible Commerce Consulting, llc